UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANDRES URIEL MENDOZA,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration[1],<br><br>　　　　　　　　　Defendant. | NO: 12-CV-0155-TOR<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross motions for summary judgment (ECF Nos. 20, 28). Plaintiff is represented by Jeffrey Schwab.

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of 42 U.S.C. § 405(g).

ORDER GRANTING SUMMARY JUDGMENT ~ 1

Defendant is represented by Jessica Milano.  The Court has reviewed the administrative record and the parties' completed briefing and is fully informed.  There being no reason to delay a decision, the hearing set for January 17, 2014, is vacated and this matter is submitted without oral argument.  For the reasons discussed below, the Court grants Defendant's motion and denies Plaintiff's motion.

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under §405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 688 F.3d 1144, 1149 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)).  "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation and citation omitted).  Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted).  In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation.  *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of

substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 404.1520(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii). If the impairment is as severe or more severe than one of the

ORDER GRANTING SUMMARY JUDGMENT ~ 4

enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 404.1520(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity ("RFC"), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations (20 C.F.R. § 404.1545(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work"). 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §

ORDER GRANTING SUMMARY JUDGMENT ~ 5

1  404.1520(g)(1).  If the claimant is not capable of adjusting to other work, the

2  analysis concludes with a finding that the claimant is disabled and is therefore

3  entitled to benefits.  *Id.*

4        The claimant bears the burden of proof at steps one through four above.

5  *Lockwood v. Comm'r of Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).  If

6  the analysis proceeds to step five, the burden shifts to the Commissioner to

7  establish that (1) the claimant is capable of performing other work; and (2) such

8  work "exists in significant numbers in the national economy."  20 C.F.R. §

9  404.1560(c); *Beltran v. Astrue*, 676 F.3d 1203, 1206 (9th Cir. 2012).

10                                  ALJ'S FINDINGS

11        Plaintiff applied for a period of disability and disability insurance benefits on

12  January 24, 2007, with a claimed onset date of October 2004.  Tr. 250-51.  His

13  application was denied initially and on reconsideration.  Tr. 172-74, 176-77.

14  Plaintiff filed a timely request for hearing and appeared with an attorney at a

15  hearing before an administrative law judge ("ALJ") on April 7, 2010 (Tr. 48-146),

16  and July 29, 2009 (Tr. 147-169).

17        The ALJ issued his decision on April 20, 2010, finding that Plaintiff had

18  severe impairments, did not have an impairment that met one of the listed

19  impairments and that Plaintiff was not capable of performing past relevant work.

20  Tr. 27-39.  Because the ALJ found that work existed in the national economy that

Plaintiff could perform, however, he found that Plaintiff was not disabled. Tr. 40-41. On February 15, 2012, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. Tr. 1-8; 20 C.F.R. § 404.981.

ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying him a period of disability and disability insurance benefits under Title II of the Social Security Act. Plaintiff has identified one issue for review; whether the ALJ should have found that Plaintiff met the step three criteria of Listing 12.04 (affective disorders) and 12.07 (somatoform disorders). ECF No. 21 at 4-7. Plaintiff contends medical expert "psychologist, Dr. McDevitt, testified the plaintiff meets listings 12.04 and 12.07. [Tr. 96]. However, the Administrative Law Judge made further inquiry of the expert who acquiesced under examination to conclude the plaintiff did not meet or equal a listed impairment." ECF No. 21 at 4. Plaintiff further contends that the opinions of both examining psychologists, Dr. Fishburne and Dr. MacLennan support Dr. McDevitt's initial statement of disability based on the listings.

DISCUSSION

**A. The ALJ's Rejection of a Listed Impairment**

In social security proceedings, a claimant must prove the existence of

physical or mental impairment with "medical evidence consisting of signs, symptoms, and laboratory findings." 20 C.F.R. § 404.1508. A claimant's statements about his or her symptoms alone will not suffice. 20 C.F.R. §§ 404.1508; 404.1527. Once an impairment has been proven to exist, the claimant need not offer further medical evidence to substantiate the alleged severity of his or her symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (en banc). As long as the impairment "could reasonably be expected to produce [the] symptoms," 20 C.F.R. § 404.1529(b), the claimant may offer a subjective evaluation as to the severity of the impairment. *Id.* This rule recognizes that the severity of a claimant's symptoms "cannot be objectively verified or measured." *Id.* at 347 (quotation and citation omitted).

In the event that an ALJ finds the claimant's subjective assessment unreliable, however, "the ALJ must make a credibility determination with findings sufficiently specific to permit [a reviewing] court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002). In making such a determination, the ALJ may consider, *inter alia*: (1) the claimant's reputation for truthfulness; (2) inconsistencies in the claimant's testimony or between his testimony and his conduct; (3) the claimant's daily living activities; (4) the claimant's work record; and (5) testimony from physicians or third parties concerning the nature, severity, and effect of the claimant's condition.

*Id.* The ALJ may also consider a claimant's "unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). If there is no evidence of malingering, the ALJ's reasons for discrediting the claimant's testimony must be "specific, clear and convincing." *Chaudhry v. Astrue*, 688 F.3d 661, 672 (9th Cir. 2012) (quotation and citation omitted). The ALJ "must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001).

A treating physician's opinions are entitled to substantial weight in social security proceedings. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009). If a treating or examining physician's opinion is uncontradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray*, 554 F.3d at 1228 (quotation and citation omitted). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate

reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d at 1216 (*citing Lester v. Chater*, 81 F.3d 821, 830-831 (9th Cir. 1995)).

Psychiatrist Robert McDevitt, M.D., testified at Plaintiff's April 2010 administrative hearing as a medical expert. Tr. 94-114. Dr. McDevitt initially opined that Plaintiff met Listing 12.04 and 12.07. Tr. 96-98. However, Dr. McDevitt then indicated that a true diagnosis of somatoform disorder required that an individual have an "honest belief" that he has physical symptoms such as pain. Tr. 110-12. Dr. McDevitt indicated that, in turn, a somatoform diagnosis turned on the credibility of an individual's complaints. Tr. 112. Dr. Fishburne and Dr. MacLennan's opinions also depended on the veracity of Plaintiff's complaints.

The ALJ found that Plaintiff does not have a true somatoform disorder given the "consistent misinformation he supplied to both medical and psychological providers." Tr. 28. After nearly ten pages of detailed findings, the ALJ concluded Plaintiff did not suffer disabling pain symptoms because of a physical disorder nor because of a mental disorder. Tr. 38.

> The vast majority of examining and reviewing physicians found nothing of consequence in the claimant's presentation or medical imaging, and noted that the claimant's examinations often involved self-limiting behavior.
>
> * * *
>
> His self-limiting behavior during examinations, self-reports of activity, regular trips to Mexico, and secondary gain motivation all indicate that his residual pain from the at-work injury exists but at a much lower level than he alleges. The claimant underwent several

ORDER GRANTING SUMMARY JUDGMENT ~ 10

> physical examinations and was informed several times that he could return to work, but he always reported greater and greater symptoms to avoid vocational retraining. He continues to perform some work around the house, go on fishing trips, and take care of his children. He also takes airplane trips to Mexico at least annually. An individual that truly experienced the kind of pain the claimant alleges would be unable to do any of these activities.

Tr. 37-38. The Court has reviewed the record and observes that the ALJ's findings and conclusion are fully supported by substantial evidence in the record.

Contrary to Plaintiff's contention, the ALJ provided specific, clear and convincing reasons for discrediting his testimony and finding that he does not meet or equal a medical listing (12.04, 12.06, nor 12.07).

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment (ECF No. 20) is **DENIED**.

2. Defendant's Motion for Summary Judgment (ECF No. 28) is **GRANTED**.

3. The hearing set for January 17, 2014, is **VACATED**.

The District Court Executive is hereby directed to file this Order, enter Judgment for Defendant, provide copies to counsel, and **CLOSE** this file.

**DATED** this 29th day of March, 2013.



THOMAS O. RICE
United States District Judge